UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

CHRISTINE STANLEY DRAINE                    Case No. 06-11754

        Debtor

**ORDER SUSTAINING HOFFMAN FURNITURE'S OBJECTION TO CLAIM NUMBER 12 TO THE EXTENT THAT BAY FURNITURE'S ENTIRE CLAIM WILL BE DEEMED UNSECURED**

    Franklin V. Anderson, Attorney for Hoffman Furniture Company, Inc., Mobile, AL
    Robert E. McDonald, Jr., Attorney for Bay Furniture and Appliance Co., Inc., Mobile, AL

This matter came before the Court on Hoffman Furniture's ("Hoffman") objection to Bay Furniture's ("Bay") claim ("claim number 12") and Hoffman's motion to avoid lien. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. For the reasons indicated below, the Court is (1) sustaining Hoffman's objection to claim number 12 to the extent that Bay's entire claim will be deemed unsecured, and (2) finding that a ruling on Hoffman's motion to avoid lien is unneccessary, thereby making it moot.

## FACTS

The Court previously held a hearing on Hoffman's objection on December 20, 2006, and issued an opinion on December 22, 2006. The facts of that opinion are incorporated by reference. In addition to these facts, the parties agreed that Hoffman asked the debtor and/or Chapter 13 trustee to intervene, and they did not. Also, the attachments of Bay's proof of claim contain no evidence of any UCC filing. Moreover, the ledger card for the debt combines the balances due on both accounts and credits payments to the combined balance.

In the December 22 opinion, the Court ruled that Hoffman has standing to object to Bay's claim and set a further hearing on January 31, 2007, regarding Hoffman's objection. In regard to the latter, the Court determined that Hoffman's objection was premature since a motion to avoid lien needed to be filed prior to the objection. The Court also determined that it needed to be provided with a copy of the full purchase agreement.

## LAW

Hoffman filed a motion to avoid lien on December 25, 2006. In the motion, Hoffman asserts that neither the trustee nor the debtor "have taken any action to avoid the lien or object to the claim of Bay" and that the debtor was estopped from objecting to the secured status of Bay's Claim. Hoffman further contends that even if the purchase agreements with Bay provided a mechanism to determine to what item payments were being applied, "the lumping or combining of all items into one allegedly secured claim to the [t]rustee prevents determination of which items are paid and which are not from funds transmitted through the [t]rustee's account." Bay filed a response to Hoffman's motion to avoid lien on January 3, 2007, wherein it argues that Bay holds a purchase money security interest in the items purchased by the debtor.

The Court held a hearing on January 31, 2007. At the hearing, Bay asserted that Hoffman has no standing to object to Bay's claim since the debtor waived that right by failing to take action. Hoffman countered by stating that since it is an unsecured creditor receiving nothing from a 0% plan, a plan through which Bay gets the full value of its claim, it is harmed and therefore, has standing to object. Bay contended at the hearing that the items were never combined into one document but instead, each sale was consummated on separate contracts that individually required payments. Therefore, the items retained their individual identities. Bay

2

Case 06-11754    Doc 27    Filed 02/02/07    Entered 02/02/07 14:55:34    Desc Main
Document      Page 2 of 6

explained that (1) the separate sales were treated in one account for the convenience of bookkeeping and (2) the separate sales were filed as one claim for the convenience of the bankruptcy proceedings. Bay also informed the Court that the debtor stipulated to the value of the items she purchased from Bay. Hoffman responded that Bay's combination of all the items purchased into one account defeated their individual identities. Hoffman therefore requests that its objection be sustained pursuant to *Snap-On Tools, Inc. v. Freeman (In re Freeman), 956 F.2d 252 (11th Cir. 1992)* and Bay's lien be avoided under 11 U.S.C. § 522(f).

The Court is confronted with two issues in the present controversy: (1) whether Hoffman's objection should be sustained or overruled, and (2) whether Hoffman's motion to avoid lien should be granted or denied?

### A. HOFFMAN'S OBJECTION TO CLAIM NUMBER 12

A properly filed proof of claim constitutes prima facie evidence of the validity of the claim. Fed. R. Bankr. P. 3001(f). When an objection is raised, it is the objector's burden of proof to rebut this prima facie validity. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). If the objector meets this requirement, then the burden of proof shifts back to the claimant, who must convince the court by a preponderance of the evidence. *Id.* at 174. "The burden of persuasion is always on the claimant." *Id.*

Hoffman cites to *Snap-On Tools, Inc. v. Freeman (In re Freeman), 956 F.2d 252 (11th Cir. 1992)* in support of its position. In the *Snap-On* case, the debtor purchased tools from a Snap-On dealer on a revolving account basis. *Id.* at 253. The Snap-On dealer subsequently assigned his interest in the revolving account to Snap-On itself. *Id.* It continued to sell tools to the debtor on an extended credit basis. *Id.* The amount of each new purchase would be

3

consolidated with the amounts owed on prior purchases. *Id*. When the debtor filed for bankruptcy, he sought to avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), claiming that the creditor held a non-possessory, non-purchase money security interest. *Id*. at 254. The court agreed, finding that when the creditor consolidated the debtor's subsequent debts with the debts he incurred under the revolving account with the Snap-On dealer, any purchase money security interests were terminated since it was difficult to determine to what collateral payments were being credited. *Id*. at 254-55. In essence, *Snap-On Tools* stands for the proposition that if two or more purchase money security interest transactions incurred at different times are consolidated, then the creditor loses its purchase money security interest status "[u]nless the lender contractually provides some method for determining the extent to which each item of collateral secures its purchase money . . . ." *Id*. at 255.

    Hoffman asserts that, similarly to *Snap-On Tools*, Bay consolidated two separate sales and lost its purchase money security interest. Moreover, the payment ledger card lumped the balances owing on both debts into one sum and simply credited any payments to the lump sum. The Court finds that Hoffman has met its burden to refute the prima facie validity of Bay's proof of claim. Therefore, the burden of proof shifts back to Bay. Bay must meet its burden by producing evidence that the purchase agreements provided a mechanism for determining to what items payments were being applied. In its December 22, 2006, opinion, the Court stated that, if such existed, it should be provided at the hearing. No such evidence was provided to the Court. Therefore, the Court finds that Bay has failed to satisfy its burden.

    Nonetheless, the credit agreement between the debtor and Bay is effective and creates a security agreement between Ms. Draine and Bay. *See* ALA. CODE §§ 7-9A-201(a) & 7-9A-

4

203(a). However, if not properly perfected, the lien that is created by the agreement may be avoided by the trustee or a creditor authorized to act in the place of the trustee or debtor. 11 U.S.C. § 544(a)(1). To properly perfect under Alabama law, Bay would have had to file a U.C.C. financing statement in the proper jurisdiction. *See* ALA. CODE § 7-9A-301. Bay, neither in its proof of claim nor at trial, offered any proof of proper perfection of its security interest pre-petition and no such proof is in evidence. Since, as stated in the opinion of December 22, 2006, Hoffman has standing to object to Bay's claim and act to avoid the lien,[1] *see Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003); *Jefferson County Bd. of County Comm'rs v. Voinovich (In re The V Cos.)*, 292 B.R. 290 (B.A.P. 6th Cir. 2003); *Official Comm. of Unsecured Creditors of Nat'l Forge Co. v. Clark (In re Nat'l Forge Co.)*, 326 B.R. 532 (W.D. Pa. 2005), and Hoffman has chosen to assert on behalf of the estate the status of a lien creditor and avoid Bay's security interest, this results in Bay's status being reduced to that of an unsecured creditor. Hoffman's objection to claim number 12 is sustained to the extent that Bay's entire claim will now be deemed unsecured.

### B. MOTION TO AVOID LIEN

The sustaining of Hoffman's objection resolves all issues. Therefore, a decision on Hoffman's motion to avoid lien is unnecessary.

---

[1] The proper procedural method for a creditor to seek to avoid a lien would be to file an adversary proceeding pursuant to Bankruptcy Rules 7001, *et seq.* However, the Court is proceeding with this matter for the following reasons: (1) due process requirements have been met since all interested parties received notice of the matter, (2) no one is prejudiced, (3) judicial efficiency compels continuation instead of requiring a separate and distinct adversary proceeding, and (4) Bay has proceeded without objection, thereby consenting despite the procedural defect. *See T.G. Motors, Inc. of Houston v. C.M. Turtur Invs., Inc. (In re C.M. Turtur Invs., Inc.)*, 93 B.R. 526, 528 (Bankr. S.D. Tex. 1988).

THEREFORE IT IS ORDERED AND ADJUDGED

1. Hoffman's objection to claim number 12 is sustained to the extent that Bay's entire claim will be deemed unsecured; and

2. Since the sustaining of Hoffman's objection resolves all issues, the Court need not reach a decision on Hoffman's motion to avoid lien.

Dated: February 2, 2007

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

6

Case 06-11754   Doc 27   Filed 02/02/07   Entered 02/02/07 14:55:34   Desc Main
Document   Page 6 of 6